

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL


Honorable L. A. Woods
State Superintendent of
Public Instruction
Austin, Texas

Dear Sir:

Opinion No. O-2141
Re: S.B. No. 297, 46th Leg.,
Reg. Ses., 1939—Assign-
ment of salary by teacher
—duty of employing dis-
trict to pay to assignee.

This will acknowledge receipt of your request
for a legal opinion as follows:

"Article 2897a, an Act of the 46th
Legislature, provides that teachers or
school employees may make salary assign-
ments and that the school district shall
be authorized to honor such assignments
without being subject to any liability
therefor.

"I am in receipt of a letter from
Mr. J. F. Leck, Superintendent of the
Lanaville Independent School District,
which submits the following problem:

"'A book sales company,
School Service, has sold
a set of books to many
Negro teachers in our
section and had them sign
notes with the above law
stated thereon.

"'Will a school district
be compelled to make a

check to the book company out of available funds in payment of such note, when we are instructed by school law that we can expend such available funds in payment of salaries only? Or will we be violating the school law so as to comply with another law?

"'We have been served notice by the company that we must pay them and do not know our duty in the case. Will appreciate any light you might give us.'

"I respectfully submit the above question to you for your consideration and opinion."

Senate Bill No. 297--being Chapter 13 of the 46th Legislature, regular session, 1939--declares:

"An assignment, transfer, pledge, or similar instrument executed by any teacher or school employee, wherein any salary or wages, or any interest therein or part thereof, then due or which may become due to such teacher or school employee under an existing contract of employment, shall be valid and enforceable, provided that such assignment, transfer, or pledge be in writing and acknowledged in the same manner as required for the acknowledgment of a deed or other instrument for registration, and provided further that if such instrument be executed by a married person it shall also be executed and acknowledged by his or her spouse in such manner. Such an assignment, transfer, or pledge shall be valid only to the extent that the indebtedness secured thereby is a valid obligation. Any school district, college, university, or other

educational institution, County Super-
intendent, or any disbursing agent
therefor shall be authorized to honor
such assignment without being subject
to any liability therefor to the teach-
er or school employee so executing
such assignment; and any sum paid to
any assignee in accordance with the
terms of any such assignment shall be
deemed to be a payment to or for the
account of such teacher or school em-
ployee; but such assignment shall be
valid and enforceable only to the ex-
tent of any salary which may be due or
may become due and earned by such teach-
er and school employee during the con-
tinuance of his or her employment by
such school district, college, univer-
sity, or educational institution."

The language of this Act is plain and unambigu-
ous. It leaves no doubt as to the right of the teacher
to assign his salry upon a compliance with the require-
ment therein stipulated. Moreover, it leaves no doubt
as to the right and duty of the employing-district to
honor such assignment when regularly executed and duly
presented by the assignee for payment.

We trust this has answered your question satis-
factorily.

Very truly yours

ATTORNEY GENERAL OF TEXAS

By

(Signed)          Ocie Speer
                  Assistant

OS-MR

APPROVED APR. 8, 1940

(Signed) Gerald C. Mann
Attorney General of Texas

APPROVED
Opinion
Committee
By BWB
Chairman